**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR SECURITY SAVINGS BANK,<br><br>                       Plaintiff,<br><br>vs.<br><br>KELLY JONES, STEPHEN DERVENIS, and THOMAS PROCOPIO,<br><br>                       Defendants. | Case No. 2:13-cv-00168-GMN-GWF<br><br>**ORDER**<br><br>Motion for a More Definite Statement Pursuant to FRCP 12(e), or in the Alternative, Motion to Strike Under FRCP 12(f) (#30) |

      This matter comes before the Court on Defendants Kelly Jones, Stephen Dervenis, and Thomas Procopio's ("Defendants") Motion for a More Definite Statement (#30), filed on May 31, 2013. Plaintiff Federal Deposit Insurance Corporation ("Plaintiff") filed its Response (#39) on June 27, 2013. Defendants filed their Reply (#46) on July 12, 2013.

**BACKGROUND**

      On January 31, 2013, Plaintiff filed a Complaint (#1) against Defendants, alleging breach of fiduciary duties and gross negligence. In the Complaint, Plaintiff alleges that Defendants are liable for Security Savings Bank's losses for six separate loans made during 2005 and 2006, because they failed to comply with "prudent, safe and sound lending practices." *See, e.g., Complaint, Doc. #1* at ¶ 10. Defendants now seek a more definite statement pursuant to FRCP 12(e) relating to (1) those portions of the Complaint that allege violation of "prudent, safe and sound lending practices," and (2) which specific loan policies apply to the loans at issue. In the alternative, Defendants request that references to "prudent, safe and sound lending practices" be stricken from the Complaint.

**DISCUSSION**

I.   **Motion for More Definite Statement Pursuant to FRCP 12(e)**

Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2); *see also Resolution Trust Corp. v. Dean*, 854 F. Supp. 626, 648 (D. Ariz. 1994). If the pleading is vague or ambiguous, the opposing party may move for a more definite statement before filing a responsive pleading. FRCP 12(e); *see also Resolution Trust Corp.*, 854 F. Supp. at 648-49. Rule 12(e) motions are disfavored because "pleadings in the federal courts are only required to fairly notify the opposing party of the nature of the claim." *Id.* at 649 (internal quotation marks omitted). Rule 12(e)'s purpose is "to strike at unintelligibility, rather than want of detail." *Woods v. Reno Commodities, Inc.*, 600 F. Supp. 574, 580 (D. Nev. 1984). Rule 12(e) motions should not be granted to obtain "evidentiary detail that may be the subject of discovery." *Id.* "If the moving party could obtain the missing detail through discovery, the motion should be denied." *Castillo v. Norton*, 219 F.R.D. 155, 163 (D. Ariz. 2003) (internal quotation marks omitted).

In *FDIC v. Wise*, the court denied a motion for more definite statement where the FDIC alleged the defendants violated "prudent lending practices" because it found that "the complaint adequately inform[ed] the parties as to plaintiff's claims." 758 F. Supp 1414, 1418 (D. Colo. 1991). The same relief regarding substantively the same language is being sought here. Plaintiff's Complaint contains 122 paragraphs of allegations and identifies the causes of action. Considering that the facts supporting Plaintiff's claim need not be set forth in detail, the Court finds Plaintiff's Complaint offers Defendants more than adequate notice of what is being alleged.

II.  **Motion to Strike Pursuant to FRCP 12(f)**

Defendants seek alternatively to strike the "prudent, safe and sound" language from the Complaint. Rule 12(f) provides that the Court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. Courts generally disfavor motions to strike as a severe form of relief. *See, e.g., Germaine Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1300 (D. Nev. 2003) *aff'd in part,* 130 F. App'x 153 (9th Cir. 2005). "'[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing

on the subject matter of the litigation.'" *Id.* (quoting *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991)).

As Plaintiff notes in its Opposition, the language at issue is common in federal banking statutes and regulations. For example, the Federal Deposit Insurance Act requires depository institutions to prepare a report with a statement of the management's responsibilities for "complying with the laws and regulations relating to safety and soundness." *See* 12 U.S.C. § 1831m(b)(2)(A). *See also* 12 C.F.R. § 337.11 ("an insured State nonmember bank [...] has a duty to conduct its operations in a safe and sound manner."); 12 C.F.R. § 365.2(b)(2)(ii) ("A bank's lending policies must also establish "prudent underwriting standards."). The Court finds the subject language is neither redundant nor immaterial. Similarly, the Court declines to conclude that the language could have "no possible bearing" on this litigation. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for a More Definite Statement (#30) is **denied**.

DATED this 26th day of July, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge