MORRIS LAW GROUP
Robert McCoy, No. 9121
Email:  rrm@morrislawgroup.com
Joni A. Jamison, No. 11614
Email:  jaj@morrislawgroup.com
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada  89101
Telephone:  (702) 474-9400
Facsimile:  (702) 474-9422

ATER WYNNE LLP
Frank V. Langfitt III (pro hac vice)
Email:  fvl@aterwynne.com
James B. Davidson (pro hac vice)
Email:  jbd@aterwynne.com
Jeff M. Peterson (pro hac vice)
Email:  jmp@aterwynne.com
1331 NW Lovejoy Street, Suite 900
Portland, Oregon 97209
Telephone:  (503) 226-1191
Facsimile:  (503) 226-0079

Attorneys for Plaintiff Federal Deposit
Insurance Corporation as Receiver for
Security Savings Bank

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR SECURITY SAVINGS BANK, | Case No. 2:13-cv-00168-JAD-GWF |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| KELLY JONES, STEPHEN DERVENIS, and THOMAS PROCOPIO, | |
| Defendants. | |

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

This Stipulated Protective Order ("SPO") is made by and between the Federal Deposit Insurance Corporation as Receiver for Security Savings Bank, Henderson, Nevada ("FDIC-R"), and  the former officers of Security Savings Bank listed on **Attachment A** hereto ("Defendants").  The FDIC-R and the Defendants are referred to individually as a "Party" or together as the "Parties."

## RECITALS

1.      On February 27, 2009, Security Savings Bank ("Bank" or "SSB"), Henderson, Nevada was closed by the Nevada Department of Business and Industry, Financial Institutions Division ("NFID") and the FDIC was appointed as Receiver.  At that time, the FDIC-R succeeded to all the rights, titles, and privileges of the Bank and its depositors, account holders, other creditors, and stockholders. 12 U.S.C. 1821(d)(2)(A)(i).

2.      On January 31, 2013, the FDIC-R filed this action in the United States District Court for the District of Nevada, Civil Action Number 2:13-cv-00168-JAD-GWF (the "Action"), against the Defendants seeking damages in excess of $13 million related to seven loans (the "Loan Transactions"), in which SSB purchased a participation interest.

3.      The Defendants are insured under a Policy issued by Travelers (the "Policy").

4.      Prior to the commencement of this action, the FDIC-R and Defendants entered into a Confidentiality and Non-Disclosure Agreement, executed on various dates in April, 2012 ("Confidentiality Agreement"). This Order does not change or alter the Parties' Confidentiality Agreement; provided, however, that any documents produced by the FDIC-R or Defendants in this litigation after May 1, 2013, shall be subject to the terms and conditions of this Order rather than the Confidentiality Agreement,

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101
702/474-9400 • FAX 702/474-9422

2

even if such documents had been provided pursuant to the Confidentiality Agreement.

### AGREEMENT

1.    *Purpose.*  This Stipulated Protective Order is entered into for the purpose of facilitating the exchange of confidential materials in discovery and making other disclosures, either voluntary or as otherwise required by the Federal Rules of Civil Procedure or the local rules of this Court, while simultaneously maintaining the confidential nature of the documents and information provided to them in connection with this litigation.  This SPO is necessary because some documents exchanged hereunder contain information protected from disclosure by law, including private and protected financial information about consumers (such as protected by the Gramm-Leach-Bliley Act (Pub. L 106-102)), confidential regulatory information, or commercially sensitive information, disclosure of which could result in violation of law, or harm to individual consumers or the Parties.

2.    *Definition of Confidential Material.*  For purposes of this SPO, "Confidential Material" shall mean certain documents, records, and information composed or stored in written, electronic, digital, or any other medium, provided by any Party pursuant to this SPO, and to any information identifying any names, addresses, account information, personal information (such as social security number, date of birth, and any other personal identification information) recognized by law as, or required to be maintained as, confidential, including, without limitation, the following:

(a)    *Regulatory.*  Confidential Material related in any way to the regulation or supervision of the Bank, in whatever form,

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101

702/474-9400 • FAX 702/474-9422

whether preliminary or final, including reports of examination or inspection, regulatory correspondence, reports, orders, memoranda, or agreements by, from or with the FDIC in its corporate capacity, the Nevada Department of Business and Industry, Division of Financial Institutions ("NFID"), the Federal Reserve Board ("FRB"), or any other federal or state regulatory authority, and any documents containing confidential information obtained from any documents and records related to the supervision or regulation of the Bank.  The Parties understand and agree that the release of such regulatory information may require approval from independent government agencies, and that no regulatory documents, however obtained, will be disclosed to third parties not covered by this Confidentiality Order absent such authority's approval or an Order of the Court.

(b)    ***Statutory.***  Confidential Material includes documents that are confidential pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), 12 C.F.R. § 309.5, the FDIC-R's regulations governing the disclosure of information, the laws of the State of Nevada, or any other applicable federal or state laws.

. . .

. . .

(c)    ***Bank and Bank Customers.***  Confidential Material related to the Bank, its customers, any trading company involved in placing orders for commodities futures or options, or any other entity, including: Automated Clearing House items or transactions, chargebacks, merchant processing, bank account information, signature cards, bank statements, general ledger entries, deposit or reserve information, commodity trading statements, loans and lending transactions, loan

applications, financial statements and credit reports, business and personal state and federal income tax forms, correspondence, and related loan documentation relating to any extension of credit or loan to any borrower. Examples of "Confidential Material," without limitation, include documents containing a customer's account number, credit card number, personal identification number, account balance, information relating to a deposit account, loan, or borrower relationship and loan application materials, and documents or information that contain the customer's name, address, social security number, date of birth or other similar identifying information.

(d)   *Receivership.*  Confidential Material related to the receivership of the Bank, including any information on loss or estimates of such loss on the Bank's assets not publicly available.

(e)   *Trade Secret/Proprietary Information.*   Documents and information that the Defendants reasonably believe constitute, reflect, or disclose trade secrets, proprietary data or commercially sensitive information of the Defendants.

Notwithstanding the foregoing paragraphs (a) - (e), no Party is estopped or in any way prevented from later challenging the confidentiality designation of any document.

3.   *Confidential Designation and Treatment of Confidential Material.*  Confidential Material to be produced by any Party to this Agreement shall be designated by stamping them with the legend "Confidential."  The failure to designate any documents with such legend shall not constitute a waiver by the producing Party of the right to assert that such documents contain protected Confidential Material.  In the event that any Party inadvertently produces confidential documents or

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101

702/474-9400 • FAX 702/474-9422

information without designating the documents or information as Confidential Material, and if the producing Party subsequently notifies the receiving Party and their counsel that the documents or information should have been designated Confidential Material, the Parties agree to treat any such subsequently identified documents or information as duly designated Confidential Material and subject to this Agreement.  Absent the "Confidential" designation or the subsequent notification referenced above, a receiving Party shall have no obligation to treat received material as Confidential Material.

The Parties specifically reserve the right to disagree with and contest any such designation of documents or information as Confidential Material.  In the event there is a dispute over whether a particular document or set of documents is Confidential Material, the receiving/objecting Party may raise that issue with the Court and shall maintain its copy(ies) of the challenged documents in confidence unless and until a ruling is issued by the Court.  To the extent that a Party's confidential designation of any document or material is challenged, it shall be the designating Party's burden to prove why such document or material meets the definition of Confidential Material.

4.   *Challenge of Confidentiality Designation.*  A Party shall not be obligated to challenge the propriety of a designation of confidentiality at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that any Party disagrees at any stage of these proceedings with the confidentiality designation by the producing Party, the Parties shall first try to dispose of such dispute in good faith on an informal basis.  If after 15 days the dispute cannot be resolved, the Party objecting to the designation may, at any time thereafter,

seek appropriate relief from the Court in which this Action is pending. The challenged designation shall be maintained and shall remain in full force and effect pending the Court's determination on the challenged designation.

5.   ***Non-disclosure of Confidential Material.***  All Confidential Material provided pursuant to this SPO is provided solely and exclusively for purposes of litigating this Action. Absent further written agreement between the Parties or further order of this Court, all such materials shall be maintained confidential pursuant to this SPO and shall not be disclosed, discussed, or in any way divulged to any person for any other purpose, except as permitted under this SPO. Provided, however, that the exchange of Confidential Material between the FDIC as Receiver for the Bank ("FDIC-R") and the FDIC acting in any of its various other capacities shall not constitute disclosure for purposes of this Order. Any such Confidential Material transmitted among various capacities of the FDIC shall remain subject to this Order and its prohibition on further disclosure.

6.   ***Exceptions to Non-Disclosure.***  The Parties agree that the Confidential Material shall be used only to investigate, analyze, litigate, and resolve this Action. The Parties may disclose Confidential Material received pursuant to this SPO to the following persons or entities, identified in paragraphs 7 and 8, below, provided that each person or entity required to do so has complied with paragraph 9 below.

7.   ***Exceptions to Non-disclosure: Defendants and Travelers.***  Upon Travelers' execution of the SPO in the form of Attachment C, Travelers may receive Confidential Material produced by FDIC-R, and subject to Paragraph 9 below, the Defendants and Travelers may disclose

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101
702/474-9400 • FAX 702/474-9422

Confidential Material received pursuant to this SPO to the following persons or entities:

(a)     The Defendants and their counsel who have signed this SPO;

(b)     Travelers' outside counsel who signed this SPO and Travelers personnel (including, but not limited to, its Board of Directors, in-house attorneys, investigators, senior executives) conducting, assisting, monitoring, reviewing, or making determinations with regard or related to the Action;

(c)     Outside counsel (together with any employees of counsel), who have not otherwise signed this SPO, engaged by the Defendants and/or Travelers to assist or participate in the above matters;

(d)     Vendors, experts, consultants, mediators, and arbitrators engaged by the Defendants and/or Travelers and/or their respective counsel to assist or participate in the above matters;

(e)     Reinsurers, auditors or other entities to which Travelers may be required to respond or report in the ordinary course of business regarding the subject matter of the Action, but only so long as such persons or entities are already subject to substantially similar confidentiality obligations;

(f)     Regulators to which Travelers may be required to respond or report in the ordinary course of business regarding the subject matter of the Action;

(g)     Court officials involved in this Action including court reporters, certified translators or interpreters, and other Court personnel as are necessarily incident to the conduct of discovery, the preparation for the trial or the trial itself;

8

(h)    Other Bank officers, directors, employees, independent contractors, or outside accountants or auditors who performed work for the Bank; and

(i)    Non-party witnesses who have executed Attachment B, provided however, if in the course of deposition or trial testimony of said witness the witness has declined to execute Attachment B, the examination of said witness may proceed and the witness may be shown Confidential Material, but the witness shall not be given a copy of said material.  Provided, however, that as to such deposition witnesses that decline to execute Attachment B, any Confidential Material to be used as exhibits shall be attached in a Confidential Appendix of exhibits, separate from the balance of the exhibits.

8.    ***Exceptions to Non-disclosure:  FDIC-R.***  Notwithstanding anything to the contrary herein, but subject to Paragraph 9 below, the FDIC-R may disclose Confidential Material received pursuant to this SPO to the following persons or entities:

(a)    FDIC-R personnel (including, but not limited to, its Chairman, Board of Directors, attorneys, investigators and senior executives) conducting, assisting, monitoring, reviewing, or making determinations with regard or related to the Action, and FDIC-R's counsel who have signed this SPO;

(b)    Outside counsel (together with any employees of counsel) who have not otherwise signed this SPO, engaged by the FDIC-R to assist or participate in the above matters;

(c)    Vendors, experts, consultants, mediators, and arbitrators engaged by the FDIC-R or its counsel to assist or participate in the above matters;

(d)      Auditors or examiners required or authorized by law to review materials that may include Confidential Material;

(e)      Persons to whom the information is required to be made available under the FOIA or the FDIC-R's FOIA regulations, 12 C.F.R. § 309.5, upon receipt of a proper FOIA request for such information;

(f)      Court officials involved in this Action including court reporters, certified translators or interpreters, and other Court personnel as are necessarily incident to the conduct of discovery, the preparation for the trial or the trial itself;

(g)      Other Bank officers, directors, employees, independent contractors, or outside accountants or auditors who performed work for the Bank;

(h)      Non-party witnesses who have executed Attachment B, provided however, if in the course of examining said witness the witness has declined to execute Attachment B, the examination of said witness may proceed and the witness may be shown Confidential Material, but the witness shall not be given a copy of said material. Provided, however, that as to such witnesses that decline to execute Attachment B, any Confidential Material to be used as exhibits shall be attached in a Confidential Appendix of exhibits, separate from the balance of the exhibits; and

(i)      Any officer, director, or employee of NFID.

If and to the extent either party believes that Confidential Material should be disclosed to any person not specifically covered within the foregoing lists, or a person to whom Confidential Receivership Materials may not be disclosed pursuant to paragraph 2(d) above, such Party shall request that the other Party consent to the disclosure of

10

Confidential Material to such proposed recipient.  The other Party shall review the request in good faith and respond to it within five (5) business days.  Neither Party waives its right to seek permission from the Court to disclose to the proposed person in the event that the terms of the consent cannot be agreed upon.  In no event shall any Confidential Material be disclosed to any person, by consent or by identification in the foregoing lists, without such person first having executed the appropriate acknowledgements and agreements required herein.

9.    ***Confidentiality Order Certificate.***  Confidential Material may only be disclosed to persons or entities identified in subparagraphs 7(c) - (d) and 8(b)-(c) after that person or entity, through an authorized representative, agrees to be bound by this Agreement and signs a written Agreement to Maintain Confidentiality in the form attached as **Attachment B** unless such persons or entities dealt with the Confidential Material in the ordinary course of their duties prior to February 27, 2009.  The signature of any representative with authority to sign on behalf of an entity is sufficient to bind the entity, and all persons employed or otherwise retained by the person or entity.  The Parties shall keep all of their respective Agreements to Maintain Confidentiality containing original signatures.

10.    ***Demands by Others for Confidential Materials***.  If any other person or entity demands by subpoena, other judicial process, or by operation of law, production by a Party of any Confidential Material produced to it by another Party, the Party receiving such demand shall promptly notify the producing Party of such demand.  At its option, the producing Party may elect to challenge the demand and assert any applicable protections.  The burden and expense of such challenge shall be borne solely by the producing Party.  The producing Party shall notify the

11

recipient Party and issuing court or tribunal of its challenge within such time as required by law, the subpoena, or other judicial process.  The burden of proving that Confidential Material is entitled to protection from disclosure shall lie with the Party making the claim.  When such a challenge is made, the Party who received the demand shall not produce any Confidential Material in the absence of consent by the producing Party or an order by the issuing court or tribunal compelling production.  Nothing in this provision or this SPO shall be interpreted as requiring any Party to violate any applicable law.

    11.    ***No Waiver of Objections to Use; Filing Under Seal.***  The Parties hereto shall not contend or assert that a Party's production of Confidential Material pursuant to this SPO in any way acts as a waiver of any privilege, work product doctrine, or discovery or evidentiary objections by the producing Party, or otherwise entitles the receiving Party to obtain or use Confidential Material in a manner contrary to this SPO.  In the event a Party wishes to file Confidential Material with the Court, the Party wishing to file the Confidential Material shall request that it be filed under seal and remain under seal until such time as the Court orders otherwise, following the Procedure for Filings Under Seal contained under the Local Rules of Court.  Provided however, if the clerk declines to file said documents under seal, the parties may do so with redactions as required under the Local Rules of Court.

    12.    ***Reservation of Rights.***  Nothing in this SPO confers upon the Parties any further right of access to documents or information not provided by the other Parties.  With respect to Confidential Material thus produced, each Party reserves its rights under this SPO, and otherwise under law.

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101
702/474-9400 • FAX 702/474-9422

12

13.     ***Return of Documents.***  Upon final resolution of the Action through the claim process, settlement, or entry of a final, non-appealable judgment governing the rights and obligations of the FDIC-R and the Defendants with respect to the Action, the persons and entities identified in subparagraphs 7(a)-(d) or 8(a)-(c) may retain copies of any Confidential Material produced to them as reasonably necessary to comply with future requests for review by reinsurers, auditors and regulators, or as necessary to exercise or enforce any subrogation rights, or as necessary to meet other business requirements.  When such retention is no longer needed, such persons and entities shall return the retained documents or destroy those documents in accordance with their standard record destruction procedures, subject to any applicable litigation hold or any other document or information hold imposed by any governmental body or court order. Any person or entity retaining such Confidential Material shall maintain its confidentiality in accordance with this Agreement until such documents are returned or destroyed.  This paragraph does not apply to any documents or information ordered produced by a court without the limitations set forth in this Agreement.  The Parties further agree that all documents generated by them that summarize or otherwise include Confidential Material are governed by this SPO.  To the extent any Party retains any Confidential Material pursuant to a separate written agreement, the terms of this SPO will continue to govern.  Upon request by the producing Party, the receiving Party will provide appropriate certificates with respect to disposition of the Confidential Materials.

14.     ***Remedies***.  To enforce rights under this SPO, or in the event of an alleged violation of this SPO, the Parties shall first seek to resolve the alleged violation through prompt and reasonable discussion.  In

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101
702/474-9400 • FAX 702/474-9422

the event such efforts fail to promptly resolve the alleged violation, the Parties reserve the right to initiate litigation in the Court in the Action for, inter alia, money damages, injunctive relief, or any other relief as appropriate.

15. ***No Waiver of Privileges; Inadvertent Production Procedure.*** The Parties do not waive any privilege, including any attorney-client privilege, work product doctrine, or any other applicable privilege they might have with respect to any of the documents and information produced, nor do the Parties waive the right to challenge any assertion of privilege by entering into this SPO. With respect to the FDIC in any of its capacities, these privileges include, but are not limited to, any privilege that the Bank may have had or any federal or state regulatory agency may hold. The Parties' production of Confidential Material is not intended to, and shall not, waive or diminish in any way the confidentiality of such material or its continued protection under the attorney-client privilege, work product doctrine, or any applicable privilege as to any other third party.

Furthermore, in the event that a Party inadvertently produces attorney-client privileged documents or information, and if the Party subsequently notifies the receiving Party that the privileged documents or information should not have been produced, the receiving Party agrees to immediately return the originals and all copies of the inadvertently produced privileged documents and information. Nothing herein shall prevent the FDIC-R from using any Confidential Material that it produces to the Defendants in any of its capacities for any lawful purposes.

In addition, with regard to privileged and/or otherwise protected documents, Federal Rule of Evidence 502 is hereby expressly incorporated into this SPO.

16.   ***Modification; Waiver.***  This SPO is based on the stipulation between the Parties regarding the subject matter hereof and any prior oral or written statements concerning same are merged herein for all purposes and shall be of no force and effect.  A modification or waiver of any of the terms of this SPO must be in writing and signed by all Parties, or approved by the Court after motion filed by a Party.  The captions heading the paragraphs of this SPO are inserted for convenience only and shall not affect the meaning or interpretation of the provisions hereof.

17.   ***Binding Effect; Assignment.***  The SPO shall be binding upon and inure to the benefit of the Parties hereto, their affiliates, their representatives, and the Parties' respective successors or assigns.  No Party may assign any right or delegate any duty under this SPO other than to an affiliate without the other Party's prior written consent.

18.   ***Notice***.  All notices required to be given under this SPO shall be in writing and delivered to the addressees set forth below.  Notice shall be sent by overnight delivery or registered or certified mail, return receipt requested, and shall be considered delivered upon receipt.

If to the FDIC-R:          Frank V. Langfitt, III, Esq.
                          Ater Wynne LLP
                          1331 NW Lovejoy Street, Ste. 900
                          Portland, Oregon 97209

                          Robert McCoy, Esq.
                          Morris Law Group
                          900 Bank of America Plaza
                          300 S. Fourth Street
                          Las Vegas, Nevada 89101

                          And

MORRIS LAW GROUP
900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101
702/474-9400 • FAX 702/474-9422

MORRIS LAW GROUP • 900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101
702/474-9400 • FAX 702/474-9422

Federal Deposit Insurance Corporation
3501 Fairfax Drive, Room VS-B-7064
Arlington, Virginia 22226-3500
Attn: _____

If to the Defendants:    K. Lawson Pedigo
                         Miller Keffer & Pedigo PLLC
                         8401 N. Central Expressway, Suite 630
                         Dallas, Texas 75225

                         Carleton R. Burch
                         Anderson, McPharlin & Conners LLP
                         777 North Rainbow Boulevard, Suite 145
                         Las Vegas, Nevada  89107

If to Travelers:         Ms. Catherine Powell
                         Travelers
                         Pro E&O Claim Unit
                         385 Washington Street, MC:508F
                         St. Paul, Minnesota 55102

19.    ***Power of Execution of Agreement.***  Each of the signatories severally represents and warrants that he, she or it, in the capacities recited herein, has the full power and authority to execute, deliver and perform this Stipulated Protective Order.

20.    ***Execution; Facsimile Signatures; Counterparts.***  This SPO may be executed as facsimile or scanned and e-mailed originals, and each copy of this SPO bearing the facsimile transmitted or scanned and e-mailed signature of a Party's authorized representative shall be deemed an original.  This SPO may be executed in two or more counterparts, each of

16

which shall be deemed an original, but all of which together shall constitute one and the same instrument.

MORRIS LAW GROUP

ANDERSON, McPHARLIM& CONNERS LLP

By:   /s/ Robert McCoy
    Robert McCoy, Bar No. 9121
    Joni A. Jamison, Bar No. 11614
    900 Bank of America Plaza
    300 South Fourth Street
    Las Vegas, Nevada  89101

By:   /s/ Carleton R. Burch
    Carleton R. Burch, Bar No. 10527
    777 N. Rainbow Boulevard
    Suite 145
    Las Vegas, NV 89107

ATER WYNNE LLP
Frank V. Langfitt, III (*pro hac vice*)
Jeff M. Peterson (*pro hac vice*)
1331 NW Lovejoy Street
Suite 900
Portland, Oregon  97209

Attorneys for Plaintiff Federal Deposit Insurance Corporation as Receiver for Security Savings Bank

MILLER KEFFER & PEDIGO PLLC
K. Lawson Pedigo (*pro hac vice*)
8401 North Central Expressway
Suite 630
Dallas, Texas  75225

Attorneys for Defendants Kelly Jones, Stephen Dervenis, and Thomas Procopio

## **ORDER**

IT IS SO ORDERED.

*George Foley Jr.*

GEORGE FOLEY, JR.
United States Magistrate Judge
DATED:   March 10, 2014

MORRIS LAW GROUP
900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101
702/474-9400 • FAX 702/474-9422

17

## **ATTACHMENT A**

### **Defendants**


### **Represented by K. LAWSON PEDIGO, ESQ.**
### **and CARLETON R. BURCH, ESQ.**


Kelly Jones

Stephen Dervenis

Thomas Procopio

**ATTACHMENT B**
**AGREEMENT TO MAINTAIN CONFIDENTIALITY**

I hereby acknowledge that I have been provided and have read a copy of that certain Stipulated Protective Order ("SPO") dated _____, 2014, in the action entitled Federal Deposit Insurance Corporation as Receiver for Security Savings Bank v. Kelly Jones; Stephen Dervenis; and Thomas Procopio, a copy of which is annexed hereto.  I understand that any Confidential Material within the meaning of the SPO shown to me is confidential, shall be used by me only as provided in the SPO, and shall not be disclosed by me unless expressly permitted under the SPO.  I agree to abide by the terms of the Agreement, including its provisions concerning the return or destruction of such Confidential Material.  I acknowledge that I may be subject to claims for monetary damages and/or injunctive relief for unauthorized disclosure or use of Confidential Material or if I violate any obligation of this SPO.

Name: _____        Date: _____
                    (signature)

Name: _____
                    (printed)

                                                                         Telephone: _____
Company: _____                        (Business)

                                                                         _____
Address 1: _____                        (Home)

Address 2: _____        _____
                                                                         (Cell)

City: _____

State/Zip Code: _____

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101
702/474-9400 • FAX 702/474-9422

### ATTACHMENT C
### AGREEMENT TO MAINTAIN CONFIDENTIALITY

Travelers has been provided and read a copy of that certain Stipulated Protective Order ("SPO") dated _____, 2014, in the action entitled *Federal Deposit Insurance Corporation as Receiver for Security Savings Bank v. Kelly Jones; Stephen Dervenis; and Thomas Procopio*, a copy of which is annexed hereto.  Travelers understands that any Confidential Material within the meaning of the SPO shown to Travelers is confidential, shall be used by Travelers only as provided in the SPO, and shall not be disclosed by Travelers unless expressly permitted under the SPO. Travelers agrees to abide by the terms of the Agreement, including its provisions concerning the return or destruction of such Confidential Material.

TRAVELERS:

By: _____     Date: _____
            (signature)

Name: _____
            (printed)

                                                          Telephone: _____
                                                                         (Business)

Address 1: _____

Address 2: _____

City: _____

State/Zip Code: _____

MORRIS LAW GROUP
900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101
702/474-9400 • FAX 702/474-9422