# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR SECURITY SAVINGS BANK,<br><br>Plaintiff,<br><br>vs.<br><br>KELLY JONES, STEPHEN DERVENIS, and THOMAS PROCOPIO,<br><br>Defendants. | Case No. 2:13-cv-00168-GMN-GWF<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Motion to File Declaration Under Seal (#152), filed on April 6, 2015. This matter is also before the Court on Defendants' Motion to File Under Seal Defendants' Motion for Summary Judgment (#163), filed on June 4, 2015. This matter is also before the Court on Plaintiff's Motion to File Declaration Under Seal (#172), filed on June 4, 2015.

There is a general public right to inspect judicial records and documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). This right leads to a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1985)). In order to seal a dispositive pleading, or an exhibit to a dispositive pleading, the movant must establish "compelling reasons" for the documents to be sealed. *Kamakana*, 447 F.3d at 1179. For non-dispositive motions or documents attached to non-dispositive motions, the movant need only establish "good cause" for the documents to be sealed. Fed R. Civ. P. 26(c)*, Kamakana* 447 F.3d at 1179-80.

. . .

Plaintiff's Motion to File Declaration Under Seal (#152) need only meet the "good cause" standard. Plaintiff argues that the Declaration of Patrick J. Richard, filed as #151, should be filed under seal because it references and discusses material already identified as confidential. (#152), p. 2-3. Plaintiff also represents that the material should be sealed under the Court's Protective Order (#59), which provides for the sealing of those documents identified as confidential. The material discussed in the Declaration includes financial information, and cites to documents that have been marked "confidential." Plaintiff has sufficiently established good cause for sealing the Declaration.

Defendants' Motion to File Under Seal Defendants' Motion for Summary Judgment (#163) and Plaintiff's Motion to File Declaration Under Seal (#172) must meet the "compelling reasons" standard, as both motions seek to seal exhibits attached to dispositive motions. Both parties argue that the Protective Order (#59) requires that these documents be filed under seal. Reliance on a blanket protective order alone does not justify the sealing of a court document. *Kamakana*, 447 F.3d at 1183; (citing *Beckman Industries, Inc. v. International Ins. Co.*, 966 F.2d 470, 475-476 (9th Cir. 1992)). As the Defendants have offered no additional justification for sealing these documents beyond the Protective Order, the Defendants have failed to meet the compelling reasons standard.

Plaintiff's Motion (#172) offers only the additional argument that financial information should be protected by the Court. While the Ninth Circuit has recognized that financial information may be kept from the public, not all financial information filed with the courts is automatically protected. *Mangum v. Action Collection Service Inc.*, 575 F.3d 935, 942 (9th Cir. 2009) (*citing Denius v. Dunlap*, 209 F.3d 944, 957-58 (7th Cir. 2000). Some types of financial records that implicate substantial privacy concerns, and therefore should be protected by the courts. *Denius*, 209 F.3d at 958. However, the Plaintiff does not identify the financial information that needs protection, as Plaintiff only describes it as "sensitive financial information." This is not specific and provides no guidance on what type of information the Plaintiff seeks to protect. Plaintiff has failed to meet the "compelling reasons" standard of *Kamakana*. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to File Declaration Under Seal (#152) is **granted**.

. . .

**IT IS FURTHER ORDERED** that Defendants' Motion to File Under Seal Defendants' Motion for Summary Judgment (#163) is **denied** without prejudice.  The Motion for Summary Judgment will remain sealed for 14 days from the date of this order.  If the Defendants file an amended motion to seal or object to the Court's order, the Motion shall remain sealed until further order of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to File Declaration Under Seal (#172) is **denied** without prejudice.  The Declaration will remain sealed for 14 days from the date of this order.  If the Defendants file an amended motion to seal or object to the Court's order, the Declaration shall remain sealed until further order of the Court.

**DATED** this 11th day of June, 2015.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge