UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR SECURITY SAVINGS BANK,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>KELLY JONES, STEPHEN DERVENIS, and THOMAS PROCOPIO,<br><br>　　　　　　　　　Defendants. | Case No. 2:13-cv-00168-GMN-GWF<br><br>**ORDER** |

　　　　This matter is before the Court on Defendants' Response to Court Order 185 (#188), filed on June 26, 2015. This matter is also before the Court on Third Party Defendant FDIC Corporation's Memorandum Regarding Court Order 185 (#189), filed on June 26, 2015. This matter is also before the Court on Plaintiff's Motion to Keep Declaration of Patrick J. Richard Under Seal and File Redacted Version for Public Record (#190), filed on June 26, 2015.

　　　　There is a general public right to inspect judicial records and documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). This right leads to a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1985)). In order to seal a dispositive pleading, or an exhibit to a dispositive pleading, the moving party must establish "compelling reasons" for the documents to be sealed. *Kamakana*, 447 F.3d at 1179. The parties to the instant motions seek to seal or keep under seal exhibits attached to motions for summary judgment. Therefore, the parties must meet the "compelling reasons" standard in order for the requested exhibits to be filed under seal.

I.      **Defendants' Response to Court's Order 185 (#188)**

Defendants Jones and Dervenis provided a copy of the Court's Order (#185) to the Federal Reserve, who now objects to the Court's Order. The Defendants have filed Response (#188) on behalf of the Federal Reserve, who seek to have Exhibits 9, 13, 19, 20, 24, 29, and 48-53 (hereinafter "Federal Reserve Exhibits") to the Defendant's Motion for Summary Judgment (#164) filed under seal. The Court will treat Response (#188) as a Motion to Reconsider Order (#185). The Federal Reserve claims that the exhibits are subject to the bank examination privilege, and may not be disclosed without the Federal Reserve's consent. Specifically, the Federal Reserve Exhibits "contain the opinions and recommendations of bank examiners, and banks' responses thereto." (#188-1), p. 3. The bank examination privilege has long been recognized by federal courts. *See In re Countrywide Financial Corp. Sec. Litig.*, 2009 WL 5125089 at *1 (C.D. Cal. 2009); *In re: Subpoena Served Upon Comptroller of the Currency*, 967 F.2d 630, 633-34 (D.C. Cir. 1992); *Bank of America Natl'l Trust & Sav. Ass'n v. Douglas*, 105 F.2d 100, 104-06 (D.C. Cir. 1939). While factual material falls outside the privilege communications such as those contained in the Federal Reserve Exhibits should be protected. *See In re Bankers Trust Co.*, 61 F.3d 465, 471 (6th Cir. 1995) (finding that the privilege is designed to promote candor between banks and examiners in order to promote the effective functioning of the agency). Defendants also labeled the Federal Reserve Exhibits as "Confidential" to place them under the protection of the Court's Protective Order (#59). Defendants have sufficiently established compelling reasons for the Federal Reserve Exhibits to be sealed.

Defendants further argue that Exhibits 12, 15, 16, 21, 26, 27, 30, and 31 (hereinafter "Defendants' Exhibits") should also be sealed because they contain "financial-account numbers," which should remain confidential per Fed R. Civ. P. 5.2(a). Defendants have provided redacted copies of these exhibits that they may be filed publicly with the financial account numbers removed. Defendants have sufficiently established that compelling reasons exist to file the Defendants' Exhibits under seal.

. . .

. . .

1  **II.    FDIC Corporation's Memorandum Regarding Court Order 185 (#189)**

Non-party FDIC, in its corporate capacity ("FDIC-C") objects to the potential unsealing of Exhibits 1-7, 34-44, 46, 47, 51-53, 61, and 72 ("FDIC-C Exhibits") of the Defendant's Motion for Summary Judgment (#164).  The Court will treat Memorandum (#189) as a Motion to Reconsider Order (#185).  FDIC-C argues that these materials are also protected by the bank examination privilege, and deal with confidential financial information that was provided by non-parties.  The FDIC-C also notes that disclosure of this information without the FDIC's prior written approval is forbidden by 12 C.F.R. § 309.6.  The FDIC-C exhibits are confidential communications between banks and agencies, and deal with bank examinations.  The FDIC-C Exhibits are protected by both privilege and statute, and the FDIC-C has sufficiently established compelling reasons for the FDIC-C Exhibits to be sealed.

**III.   Motion to Keep Declaration Under Seal (#190)**

Plaintiff represents that the information contained in the Declaration (#171) includes "loan underwriting documents and a tax return that contain personal identifying data." *Motion to Keep Declaration Under Seal (#190), p. 3*.  The exhibits to the declaration also include allegations of a nonparty's alleged criminal activities, personal information, and sensitive financial information. *Id., pgs. 4-5*.  Plaintiff has attached a redacted copy of the Declaration to the instant motion, with all identifying information removed in accordance with Fed. R. Civ. P. 5.2 and Special Order 108.  The redacted copy has removed the personal identifiers of those non-parties to protect their privacy.

The Plaintiff previously filed a Motion to Seal the Declaration (#172), which was denied by the Court.  *See* Order (#185).  The Court found that the Plaintiff did not identify the financial information that needed to be protected.  In the instant motion (#190), the Plaintiff has identified the records in detail.  The information described by the Plaintiff is sufficient to establish compelling reasons to seal the Declaration.  Accordingly,

**IT IS HEREBY ORDERED** that the Federal Reserve's Motion to Reconsider Order (#185) (#188) is **granted**. The Federal Reserve Exhibits (Exhibits 9, 13, 19, 20, 24, 29, and 48-53 to the Defendants' Motion for Summary Judgment) shall be filed under seal.  The Defendants'

. . .

Exhibits 12, 15, 16, 21, 26, 27, 30, and 31 to Defendants' Motion for Summary Judgment shall be filed under seal.

**IT IS FURTHER ORDERED** that the FDIC-C's Motion to Reconsider Order (#185) (#189) is **granted**. The FDIC-C Exhibits 1-7, 34-44, 46, 47, 51-53, 61, and 72 to the Defendants' Motion for Summary Judgment shall be filed under seal.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Keep Declaration of Patrick J. Richard Under Seal (#190) is **granted**.

**DATED** this 10th day of July, 2015.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge