UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR SECURITY SAVINGS BANK,<br><br>Plaintiff,<br><br>vs.<br><br>KELLY JONES, STEPHEN DERVENIS, and THOMAS PROCOPIO,<br><br>Defendants. | Case No. 2:13-cv-00168-GMN-GWF<br><br>**ORDER** |

This matter is before the Court on Defendants' Motion to File Under Seal (#194), filed on July 20, 2015.  This matter is also before the Court on Plaintiff's Motion to Exceed Limitation on Length (#197), filed on July 20, 2015.  This matter is also before the Court on Plaintiff's Motion to Seal Exhibits (#200), filed on July 20, 2015.

I.  **Motion to File Under Seal (#194)**

Defendants move to file exhibits 7 and 8 to the Appendix of Exhibits to Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment under seal.  Defendants represent that these documents are "confidential" within the scope of the Protective Order (#59).  Defendants further represent that the exhibits contain "sensitive financial information" as discussed in Order #192.

There is a general public right to inspect judicial records and documents.  *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  This right leads to a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.

2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1985)).  The Defendants must present "compelling reasons" to file exhibits to a dispositive motion under seal.  *Kamakana*, 447 F.3d at 1179.  The Court previously found that documents containing "allegations of a nonparty's alleged criminal activities, personal information, and sensitive financial information" met the compelling reasons standard, and allowed those documents to be filed under seal.  *See* Order #192, p. 3.  Exhibits 7 and 8 to the Appendix of Exhibits to Defendants' Opposition contain allegations of criminal activity by a nonparty, and the Defendants have filed redacted copies on the record.  Defendants have sufficiently established compelling reasons to seal Exhibits 7 and 8.

## II.     Motion to Exceed Limitation on Length (#197)

Plaintiff moves to exceed the 30 page limit prescribed in Local Rule 7-4 in its Opposition to Defendants' Motion for Summary Judgment.  Plaintiff requests permission to file an extended Opposition, as the Defendants' Motion contains "a separate 38-page 'Statement of Undisputed Facts' and 172 exhibits."  *Motion to Exceed Limitation* (#197), p. 2.  Plaintiff represents that its Opposition currently totals 34 pages.  Plaintiff argues that the additional pages are necessary to adequately address the issues raised in the Motion for Summary Judgment.  Plaintiff has sufficiently established good cause for filing of an opposition over 30 pages.

## III.    Motion to Seal Exhibits (#200)

Plaintiff moves to seal some of the Exhibits to the Declaration of Patrick J. Richard in Support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment.  First, Plaintiff argues that Exhibits 10, 38, 71-73, 75, and 76 are protected by the bank examination privilege and by 12 C.F.R. § 309.5(g)(8), which prohibits banks from disclosing any report of supervisory activity without the prior written approval of the FDIC.  The Court has previously recognized the bank examination privilege for similar materials.  *See* Order #192.  Plaintiff represents that these documents "contain communications and opinions from the FDIC concerning Security Savings Bank."  *Motion to Seal* (#200), p.5.  Plaintiff has sufficiently established compelling reasons for Exhibits 10, 38, 71-73, 75, and 76 to be sealed.

Second, Plaintiff argues that Exhibits 39, 46-50, and 59 should be sealed because they include sensitive personal information, including tax returns and personal financial statements.

1  Plaintiff represents that the documents contain sensitive personal information protected by Fed. R.
2  Civ. P. 5.2 and Special Order 108, which preclude parties from revealing personal data identifiers
3  to protect personal privacy.  Plaintiff has sufficiently established compelling reasons to seal
4  Exhibits 39, 46-50, and 59.
5       Third, Plaintiff argues that Exhibits 1-3, 6-8, 13, 15, 18, 20, 23-32, 34-37, 42-45, 51-53, 55-
6  58, 62, 63, 65, 66, 68-70, and 80 should be sealed because they contain confidential business
7  information and sensitive financial information.  Preventing the disclosure of "trade secrets"
8  constitutes a compelling reason to seal a document. *Kamakana*, 447 F.3d at 1179.  Plaintiff
9  represents that the exhibits contain "Confidential Business Plans, Prospectuses, Loan and
10 Investment Committee Meeting minutes where these entities were discussed, underwriting
11 documents, emails between bank employees regarding these borrower entities, and deposition
12 transcripts where the same were discussed." *Motion* (#200), pgs. 5-6.  The documents discuss
13 business transactions and relations between the bank and non-party borrowers.  The Plaintiff has
14 sufficiently established compelling reasons to seal Exhibits 1-3, 6-8, 13, 15, 18, 20, 23-32, 34-37,
15 42-45, 51-53, 55-58, 62, 63, 65, 66, 68-70, and 80.
16      Finally, the Plaintiff requests that the Richard Declaration and the Opposition to
17 Defendants' Statement of Undisputed Facts be filed under seal.  Plaintiff offers no legal basis for
18 sealing the entire documents instead of only the requested exhibits.  The Court finds that the
19 Plaintiff has not established compelling reasons to seal the Declaration or the Opposition in their
20 entirety.  It would be appropriate to seal those portions of these documents that discuss the contents
21 of the confidential exhibits.  The Plaintiff is therefore instructed to submit to the Court proposed
22 redacted copies of the Richard Declaration and the Opposition to Defendants' Statement of
23 Undisputed Facts for the Court to determine if the documents should be filed under seal.
24 Accordingly,
25      **IT IS HEREBY ORDERED** that Defendants' Motion to File Under Seal (#194) is
26 **granted**.
27      **IT IS FURTHER ORDERED** that Plaintiff's Motion to Exceed Limitation on Length
28 (#197) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Seal Exhibits (#200) is **granted in part and denied in part**. Exhibits 1-3, 6-8, 10, 13, 15, 18, 20, 23-32, 34-39, 42-53, 55-59, 62, 63, 65, 66, 68-73, 75, 76, and 80 will be sealed. The Richard Declaration and the Opposition to the Defendants' Statement of Undisputed Facts will remain under seal for 14 days from the date of this order. If the Defendants file a redacted version of the documents, or object to the Court's order, the Motion shall remain sealed until further order of the Court.

**IT IS FURTHER ORDERED** that all exhibits to Exhibits to the Declaration of Patrick J. Richard in Support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment not specifically identified in this Order as remaining under seal must be filed on the public record

**DATED** this 24th day of July, 2015.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge