1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Federal Deposit Insurance Corporation as Receiver
for Security Savings Bank,

      Plaintiff

v.

Kelly Jones and Stephen Dervenis,

      Defendants

2:13-cv-168-JAD-GWF

**Order Denying Defendants' Motion for
Certification of Interlocutory Appeal
under 28 USC 1292(b) [ECF 92]**

The FDIC—as the receiver for failed Security Savings Bank—sues the bank's former officers and directors to recoup more than $13.1 million in bad loans made in 2005 and 2006. The FDIC alleges two counts stemming from seven separate loan transactions: (1) breach of fiduciary duty and (2) gross negligence.[1] Defendants moved to dismiss the FDIC's claims under the business-judgment rule, as time-barred under the Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA), and as generally implausible.[2] I dismissed the breach-of-fiduciary-duty claim founded on a duty of loyalty because the FDIC alleged no loyalty breach, but I denied the motion in all other respects.[3]

In denying the rest of the motion, I found that FIRREA's statutory period is one of limitation, not repose, and that it can be waived or tolled by agreement. I then declined to dismiss the FDIC's claims as time-barred because the parties did not dispute that they entered into a tolling agreement that expired four days after the FDIC filed suit. I also concluded that the FDIC's claims accrued on the date of loan defaults, not the date the loans were made. And regardless of when the FDIC's claims accrued, I found that issues of fact surrounding their timeliness were genuinely disputed.[4]

---

[1] ECF 1.

[2] ECF 28.

[3] ECF 87.

[4] ECF 87 at 9–12.

1    Defendants[5] now move to certify my order for interlocutory appeal under 28 USC § 1292(b)

2  so they can immediately challenge these tolling and accrual issues, and they request that I stay this

3  litigation pending that appeal.[6]   Because defendants have not met § 1292(b)'s certification

4  requirements, I deny their motion.

5                                                **Background**

6    The FDIC is the receiver of Security Savings Bank, a former Henderson, Nevada financial

7  institution.[7]   The bank focused its business on commercial-real-estate acquisition, development, and

8  construction loans before it was closed in February 2009, the FDIC was appointed as its receiver, and

9  the bank's deposits were assumed by the Bank of Nevada.[8]   This suit involves seven loans made by

10  Security Savings Bank between 2005 and 2006.   The FDIC alleges that proper underwriting

11  standards were ignored by the bank's high-ranking officers, including defendants Kelly Jones and

12  Stephen Dervenis, and it sues these executives for breach of fiduciary duties and gross negligence

13  under both Nevada law and FIRREA.[9]

14    Jones and Dervenis moved to dismiss the FDIC's claims as untimely.[10]   They argued that the

15  FDIC's claims accrued on the date the loans were made and expired before the FDIC was appointed

16  receiver for the bank,[11] the FDIC could not take advantage of FIRREA's extender statute to enlarge

17  the statutory period for filing the claims,[12] and therefore the FDIC's claims on the four earliest loans

18

___

19  [5] The motion was brought on behalf of all three defendants, but the claims against defendant Thomas

20  Procopio have since been dismissed with prejudice and his participation in this case has terminated. *See* ECF 162 (order granting stipulated dismissal).

21

22  [6] ECF 92.  I find this motion suitable for disposition without oral argument.  Nev. L.R. 78–2.

23  [7] ECF 1.

24  [8] *Id.* at 7.

25  [9] 12 U.S.C. § 18210(k); *see* complaint at ECF 1 at 49–52.

26  [10] ECF 28.

27  [11] *Id.* at 6.

28  [12] 12 U.S.C. § 1821(d)(14).

1  are time-barred.  The FDIC responded that its claims accrued on the date the loans went into default

2  and, because the FDIC was appointed receiver within three years of default, the claims had not yet

3  expired.  Thus, its suit is timely under both FIRREA's extender statute[13] and a tolling agreement that

4  the parties entered into to extend FIRREA's limitations period to February 4, 2013.[14]  Defendants

5  replied that the tolling agreement was ineffective because the extender statute expressly prohibits

6  tolling or waiver.[15]

7         After reviewing the extensive briefing by the parties, I found that (1) defendants had not

8  shown that the deadline for filing claims under FIRREA's extender statute cannot be waived or

9  tolled by agreement and (2) the FDIC's claims on the first four loans accrued on the date of default,

10  not when the loans were approved.  Thus, I concluded, the FDIC's claims are timely.[16]  Jones and

11  Dervenis now move for permission to bring an interlocutory appeal under 28 U.S.C. § 1292(b) on

12  both the tolling issue and the accrual issue.  They also request that I stay this litigation pending the

13  outcome of that appeal.[17]  I deny both requests.

14                                        **Discussion**

15  **A.       Standard for Interlocutory Appeal under 28 USC § 1292(b)**

16         Generally, the United States Courts of Appeals have appellate jurisdiction only over "final

17  decisions of the district courts."[18]  Congress has, however, created a narrow exception to this final-

18  judgment rule.  Under 28 USC § 1292(b), a district judge may certify a non-appealable order to the

19  Court of Appeals for interlocutory review if the order (1) "involves a controlling question of law" (2)

20

---

21  [13] 12 U.S.C. § 1821(d)(14).

22  [14] ECF 38.

23

24  [15] 12 U.S.C. § 1821(d)(14)(A).  ECF 44 at 11.  Defendants did not otherwise challenge the signed
    tolling agreement, which referenced the subject matter to be tolled and set a specific extension date
25  for bringing suit.  ECF 61-1 at 6–10.

26  [16] ECF 87 at 10–11 (quoting *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990)).

27  [17] *Id.* at 12.

28  [18] 28 U.S.C. § 1291.

1    "as to which there is a substantial ground for difference of opinion" and (3) "an immediate appeal

2    from the order [may] materially advance the ultimate termination of the litigation."[19]

3           The Ninth Circuit has noted that "§ 1292(b) is to be applied sparingly and only in exceptional

4    cases."[20]  Because the interlocutory-appeal statute "is a departure from the [final-judgment rule], it

5    must be construed narrowly."[21]  It is intended to be used only in exceptional situations where

6    allowing an interlocutory appeal would avoid protracted and expensive litigation.[22]  "The decision to

7    certify an order for interlocutory appeal is committed to the sound discretion of the district court."[23]

8    "Even where the district court makes [] a certification, the court of appeals nevertheless has

9    discretion to reject the interlocutory appeal, and does so quite frequently."[24]

10   **B.      No interlocutory appeal on the tolling issue is justified.**

11          The first issue that defendants seek to certify for interlocutory appeal is whether the statutes

12   of limitations established by FIRREA's extender statute can be tolled by agreement.[25]  Defendants

13   have demonstrated a substantial ground for difference of judicial opinions on whether the period of

14   limitations under this statute can be tolled by agreement.  Courts determine whether there is

15   substantial ground for difference of opinion by examining "to what extent the controlling law is

16   unclear."[26]  A substantial ground for difference of opinion typically exists "where the circuits are in

17   dispute on the question and the court of appeals of the circuit has not spoken on the point . . . or if

18

19

---

20   [19] *See* 28 U.S.C. § 1292(b); *see also In re Cement*, 673 F.2d 1020, 1026 (9th Cir. 1982) (en banc).

21   [20] *United States v. Woodbury*, 263 F.2d 784, 788 n. 11 (9th Cir. 1959) (citations omitted).

22

23   [21] *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n. 6 (9th Cir. 2002).

24   [22] *In re Cement*, 673 F.2d at 1026.

25   [23] *United States v. Tenet Healthcare Corp.*, 2004 WL 3030121, *1 (C.D. Cal. 2004).

26   [24] *James*, 283 F.3d at 1068, n. 6 (citation omitted).

27   [25] ECF 92 at 11.

28   [26] *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

1  novel and difficult questions of first impression are presented."[27]

2        The Ninth Circuit has not decided whether agreements to toll FIRREA's extender statute are

3  enforceable.  As I noted in my order denying the motion to dismiss, courts have found that

4  agreements between the FDIC and a private party may toll FIRREA's deadline for filing claims.[28]

5  But other courts, including a Tenth Circuit panel earlier this year in *National Credit Union Admin.*

6  *Bd. v. Barclays Capital, Inc.,*[29] have reached the opposite conclusion when construing a similar

7  extender statute under the Securities Act for suits brought by the National Credit Union

8  Administration Board (NCUA) as conservator or receiver for credit unions.[30]  Plainly, there is a

9  difference of opinion on this tolling topic, so the second prong of the interlocutory-appeal test can be

10  satisfied.

11        That, however, is the only prong of the test that defendants can satisfy for the tolling issue.

12  Even if the extender statute's limitations provisions cannot be tolled, the statute-of-limitations

13  defense can be waived, resulting in the same net effect: the defendants cannot raise a timeliness

14  challenge to the FDIC's claims.  The Tenth Circuit panel explained this dichotomy in *Barclays*

15  *Capital.*  After taking over two failed credit unions, the NCUA set out to pursue recoveries against

16  issuers and underwriters of residential mortgage-backed securities, including Barclays.  The NCUA

17  and Barclays entered into a series of tolling agreements in which Barclays agreed to toll the

18  limitations period for the NCUA's claims under the Securities Act while the parties tried to negotiate

19  a resolution and expressly promised not to raise a statute-of-limitations defense in any future

---

20
21  [27] *Couch*, 611 at 633.

22  [28] *See e.g., FDIC v. Arthur*, 2015 WL 898065, *4 (D. Md 2015) (collecting authority and noting,
    "Numerous federal district courts confronting this same issue have clearly held that parties may
23  willingly contract around FIRREA's proscribed limits."); *FDIC v. Coleman*, 2015 WL 476234, *6–7
    (D. Idaho 2015); *FDIC v. Kime*, 12 F. Supp.3d 113, 1120 (S.D. Ind. 2014); *FDIC v. Williams*, 60 F.
24  Supp.3d 1209, 1214 (D. Utah 2014); *FDIC v. Baldini*, 2014 WL 2581193, *2–5 (S.D. W. Va. 2014).
25  ECF 87 at 8.

26  [29] *National Credit Union Admin. Bd. v. Barclays Capital, Inc.*, 785 F.3d 387, 392 (10th Cir., March
    3, 2015).
27
    [30] *See also Nat'l Credit Union Admin. Bd. v. Credit Suisse Sec. (USA) LLC*, 939 F. Supp. 2d 1113
28  (D. Kan. 2013).

1   litigation.[31]

2       The panel found that "contractual provisions purporting to toll" the Act's extender statute

3   "are ineffective," so the tolling provisions could not be enforced.[32]  But "the fact that a statute of

4   limitations has expired does not mean that the defendant must be permitted to assert that defense in

5   litigation despite promising not to do so," and the panel held Barclays to its statute-of-limitations-

6   defense waiver:

7           The NCUA relied upon the tolling promises by Barclays in continuing
            settlement negotiations rather than breaking off negotiations and suing
8           within the limitations period, and it is appropriate to hold Barclays to
            its promise. We therefore hold that, even though the NCUA's claims
9           are outside the limitations period of the Extender Statute and that
            period cannot be tolled by contract, Barclays is estopped from raising
10          this statute of limitations defense.

11  The panel reasoned that the extender statute is one of limitations, not repose, and the right to raise it

12  as an affirmative defense can be waived:

13

14          [B]ecause the Extender Statute is a statute of limitations, its time limits
            establish only an affirmative defense that can be waived.  The
            Extender Statute does not mandate or require a party to assert the
15          Statute of Limitation defense that it provides, and to read that statute as
            imposing a limitation period that must be enforced irrespective of the
16          wishes of the parties would simply recast it into a statute of repose,
            albeit a very odd one, and we have already rejected that argument.[33]

17

18  It concluded that applying estoppel principles to hold the contracting party to its waiver promise is

19  only fair:

20          It is often the case that an affirmative defense is meritorious and would
            be successful if raised, but the defense is nevertheless unavailable to
21          the party seeking to assert it, either because that party neglected to
            raise it in the timely fashion or because that party is estopped from
22          asserting it. This is true even for many constitutional rights. So it is
            unremarkable that a party can be estopped from asserting a statute of
23          limitations defense, particularly when its promise not to do so is

24  ────────────────

25  [31] *Barclays Capital*, 785 F.3d at 389–90.

26  [32] *Id*. at 392.

27  [33] *Id*. at 395 (internal citations omitted).  The panel cited my order denying the defendants' motion to
        dismiss as support for the proposition that the extender statute is one of limitations, not repose. *See*
28      *id*. n. 2 (citing *FDIC v. Jones*, 2014 WL 4699511 at *3 (D. Nev. 2014)).

1      limited in scope, between two parties of equal bargaining strength, and
       facilitates a strong public policy of encouraging settlements. Such is
2      the case here. Thus, while it is true that the NCUA's claims are outside
       the statutory period and therefore untimely, that argument is
3      unavailable to Barclays because the NCUA reasonably relied on
       Barclays' express promise not to assert that defense.[34]

4

5           The *Barclays* opinion suggests that even if FIRREA's extender statute cannot be tolled by

6      agreement, the defendants' right to challenge the FDIC's claims in this case as untimely can be

7      waived by agreement.  The Ninth Circuit and FRCP 8(c) also recognize that statute-of-limitations

8      challenges are affirmative defenses that can be waived.[35]  Here, in addition to agreeing to toll the

9      statutory period, defendants "expressly and knowingly waive[d] any and all limitations, laches, and

10     any other time-related rights and/or defenses related to" these claims.[36]  So even if the Ninth Circuit

11     were to adopt the *Barclays* line of cases and find defendants' tolling agreement unenforceable, it

12     would likely still enforce the defendants' waiver of their statute-of-limitations and other timeliness

13     defenses.

14          Thus, defendants still could not prevail on their argument that the FDIC's claims are

15     untimely.  As a result, the tolling issue is not "a controlling question of law" in this case, and "an

16     immediate appeal" from my order will not "materially advance the ultimate termination of" this

17     case.[37]  I decline to certify the tolling issue for interlocutory appeal.

18
       **C.      Defendants also have not met the requirements for certification of an interlocutory**
19     **         appeal on the claim-accrual issue.**

20          Defendants argue that whether the FDIC's claims accrued on the dates the subject loans were

21     made or on default is a controlling question of law because a ruling in their favor would eliminate

22

23

---

24     [34] *Id.* at 395 (internal citations omitted).

25     [35] *See, e.g., United States Postal Serv. v. Am. Postal Workers Union*, 893 F.2d 1117, 1122 (9th Cir.
26     1990); Fed. R. Civ. P. 8(c)(1) (statute-of-limitations defense is waived if not pled).

27     [36] ECF 61-1 at 2–3.

28     [37] 28 U.S.C. § 1292(b).

1   the FDIC's claims on all but two of the challenged loans.[38]  The FDIC responds that the claim-

2   accrual issue is not a controlling question of law because whether a claim has accrued and whether a

3   limitations period has expired are typically factual questions inappropriate for resolution on a motion

4   to dismiss.[39]  I agree.

5           As I explained in my previous order, it is unclear when the bank—the FDIC's predecessor-in-

6   interest—learned of defendants' gross negligence because the defendants allegedly concealed the fact

7   the underwriting materials they received from the "lead bank" were of questionable value.[40]  The

8   issue of how long defendants concealed this information plainly raises a factual issue.[41]

9           Additionally, defendants have failed to demonstrate that the claim-accrual issue would

10  materially advance termination of this litigation.  Even if defendants received a favorable ruling on

11  that point, their claims as they relate to the other three challenged loans would proceed.  The claim-

12  accrual issue is also of no import to the FDIC's claim for breach of fiduciary duty even as it relates to

13  the first four loans because this claim falls under FIRREA's revival clause and is thus timely even if

14  it accrued when the loan was made.  For these reasons, I also decline to certify the claim-accrual

15  issue for interlocutory review.

### CONCLUSION

17          Accordingly, it is HEREBY ORDERED that defendants' Motion for Certification of

18  Interlocutory Appeal under 28 U.S.C. § 1292(b) **[ECF 92] is DENIED.**

19          Dated this 29th day of September, 2015

22                                          Jennifer A. Dorsey
                                            United States District Judge

---

[38] ECF 114 at 6.

[39] ECF 102 at 5.

[40] ECF 87 at 11.

[41] *Id.*