UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

FEDERAL DEPOSIT INSURANCE            )
CORPORATION AS RECEIVER FOR          )    Case No. 2:13-cv-00168-GMN-GWF
SECURITY SAVINGS BANK,               )
                                     )
                    Plaintiff,       )    **ORDER**
                                     )
vs.                                  )
                                     )
KELLY JONES, STEPHEN DERVENIS, and   )
THOMAS PROCOPIO,                     )
                                     )
                    Defendants.      )
                                     )

This matter is before the Court on Plaintiff's Motion to Keep Opposition and Errata Under Seal (#209), filed on August 7, 2015. This matter is also before the Court on Defendants' Motion to File Under Seal (#210), filed on August 10, 2015. This matter is also before the Court on Plaintiff's Motion to Seal Unredacted Opposition (#218), filed on August 10, 2015.

There is a general public right to inspect judicial records and documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). This right leads to a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1985). The movants must present "compelling reasons" to file exhibits to a dispositive motion under seal. *Kamakana*, 447 F.3d at 1179.

I.      **Motion to Keep Opposition and Errata Under Seal (#209)**

Plaintiff moves to keep under seal the Opposition to the Defendants' Motion for Summary Judgment (#199) and Errata (#208). Plaintiff has submitted redacted copies of these documents

with sensitive financial information and quotations from sealed documents removed, as instructed in the Court's Order #206.  There, the Court granted Plaintiff's motion to file multiple exhibits under seal while denying the motion to seal the document in its entirety.  Instead, Plaintiff was instructed to file all exhibits not specified in Order #206 as being sealed on the record.  The Plaintiff was also instructed to submit redacted copies of the Patrick J. Richard Declaration in Support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment and the Opposition to Defendants' Statement of Undisputed Facts in Support of their Motion for Summary Judgment.  The redacted copies have been filed, and the Court finds that Plaintiff has complied with its Order.  The Court will keep the underlying documents under seal.

## II.     Motion to File Under Seal (#210)

Defendants move to filed under seal (1) exhibits 178, 197, 198, and 214 to the Supplemental Appendix in Support of Defendants' Reply Memorandum of Points and Authorities in Further Support of Defendants' Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56; (2) the Reply Memorandum of Points and Authorities in Further Support of Defendants' Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 ("Reply Memorandum"); and (3) Defendants' Opposition to the FDIC's Statement of Additional Facts and Reply Statement of Further Undisputed Material Facts ("Defendants' Opposition").

Defendants represent that the exhibits are excerpts of depositions of bank examiners testifying to their examinations of Security Savings Bank.  These documents have been designated "confidential" and are related to confidential bank examinations.  The Court has previously held that information regarding "the opinions and recommendations of bank examiners" presented "compelling reasons" to be sealed.  *See* Order #192, p.2   Defendants have sufficiently established that compelling reasons exist for these depositions to be sealed.  Defendants then move to redact from the Reply Memorandum passages that quote from examiner deposition testimony and excerpts from exhibits that have already been sealed.  This document will also be sealed, as those passages also meet the "compelling reasons" standard.  Finally, Defendants move to seal the Opposition to the FDIC-R's Statement of Additional Facts and Reply Statement of Further Undisputed Material Facts because it responds directly to and quotes heavily from Plaintiff's Opposition to Defendants'

Statement of Undisputed Facts.  Because, as discussed above, the Court will order Plaintiff's Opposition to Defendants' Statement of Undisputed Facts to remain under seal, Defendants' Opposition that quotes from that document will also be sealed.  Defendants are required to file redacted copies of the Reply Memorandum and Defendants' Opposition to the Statement of Facts for the public record.

### III.    Motion to Seal Unredacted Opposition (#218)

Plaintiff moves to seal its Opposition to the Defendants' Statement of Undisputed Material Facts.  Plaintiff represents that this document contains "sensitive information concerning individuals who are not parties to this action, including financial information, allegations of criminal activity, and information concerning lawsuits against or settlement with these individuals." *Motion to Seal* (#218), p. 3.  Plaintiff has already submitted a redacted copy for the public record.

Plaintiff argues that personal information, such as names of non-parties, information concerning non-parties' legal actions, and financial information has been redacted for privacy purposes.  Plaintiff has also redacted information that discusses allegations of a nonparty's purported criminal activity.  The Court previously held that documents containing "allegations of a nonparty's alleged criminal activities, personal information, and sensitive financial information" met the compelling reasons standard, and allowed those documents to be filed under seal. *See* Order #192, p. 3.  Likewise, the Court will seal Plaintiff's Opposition to Defendants' Statement of Undisputed Material Facts.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Keep Opposition and Errata Under Seal (#209) is **granted**.  Plaintiff's Opposition to Defendants' Statement of Undisputed Material Facts in Support of Their Motion for Summary Judgment(#199) and Supporting Errata (#208) shall remain sealed.

**IT IS FURTHER ORDERED** that Defendants' Motion to File Under Seal (#210) is **granted**.  Exhibits 178, 197, 198, and 214 to Defendants' Supplemental Appendix in Support of Defendants' Reply Memorandum of Points an Authorities in Further Support of Defendants' Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 (#214) shall be filed under seal.

. . .

**IT IS FURTHER ORDERED** that Defendants' Reply Memorandum of Points and Authorities in Further Support of Defendants' Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56  (#212) shall be filed under seal.  Defendant is ordered to submit a redacted copy on the public record.

**IT IS FURTHER ORDERED** that Defendants' Opposition to the FDIC-R's Statement of Additional Facts and Reply Statement of Further Undisputed Facts (#213) shall be filed under seal. Defendant is ordered to submit a redacted copy on the public record.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Seal Unredacted Opposition (#218) is **granted**.  The Plaintiff's Opposition to Defendants' Statement of Undisputed Material Facts in Opposition to FDIC-R's Motion for Partial Summary Judgment (#218) shall be filed under seal.

**DATED** this 5th day of October, 2015.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge